UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHULLAH ALLAHYAR,<br><br>Plaintiff,<br><br>v.<br><br>DAMAN MOMAND,<br><br>Defendant. | No. 2:25-cv-0102-TLN-CKD (PS)<br><br><br>ORDER |

Plaintiff Rohullah Allahyar proceeds without counsel and seeks to proceed in forma pauperis. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff has initiated this action with a civil complaint and an application to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.)

In order to commence a civil action, along with the complaint, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed IFP. See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action "without prepayment of fees" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du

1  Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)); see also United States v. McQuade, 647
2  F.2d 938, 940 (9th Cir. 1981) (affidavit must "state the facts as to affiant's poverty with some
3  particularity, definiteness and certainty" (internal quotation omitted)).

4        Plaintiff's affidavit does not demonstrate plaintiff was unable to pay the court costs and
5  still afford the necessities of life when plaintiff filed this suit. According to the affidavit, plaintiff
6  receives $800 per week in take-home pay or wages and plaintiff provided no further information
7  for the court to consider, leaving blank all other sections of the form. (ECF No. 2.) Thus, plaintiff
8  has indicated a regular source of income and no expenses. While § 1915(a) does not require a
9  litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must
10 nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). Plaintiff has not done so.

11       Because plaintiff does not make an adequate showing of indigency for in forma pauperis
12 status, plaintiff will be granted 30 days in which to submit the filing fee and administrative fee to
13 the Clerk of the Court in order to proceed with this case. In the alternative, plaintiff may file a
14 renewed application to proceed IFP which contains sufficient information to demonstrate plaintiff
15 could not pay the court costs and still afford the necessities of life. Plaintiff is cautioned that
16 failure to pay the court costs or file a renewed IFP affidavit will result in a recommendation that
17 the application to proceed in forma pauperis be denied and the present action be dismissed.

18       For the reasons set forth above, IT IS HEREBY ORDERED that, within thirty (30) days
19 from the date of this order, plaintiff shall pay the filing fee and administrative fee or file a fully
20 completed and signed affidavit to proceed without prepayment of fees.

21 Dated: March 12, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, alla25cv0102.ifp

2